*547 OPINION OF THE COURT
Peter J. Benitez, J.
Defendant is charged in the indictment with grand larceny in the third degree and other crimes. The indictment charges that defendant stole monies from the United States Department of Labor, apparently based on the accusation that he falsely claimed and collected unemployment insurance compensation. Defendant moves to dismiss the indictment on speedy trial grounds pursuant to CPL 30.30 (1) (a).
Defendant was arrested and arraigned in Criminal Court on a felony complaint on November 22, 1999. Accordingly, the criminal action commenced on November 22, 1999 and the People had six calendar months in which to be ready for trial, in this case 182 days. Those 182 days would have given the People until May 22, 2000 to obtain and file an indictment and announce their readiness for trial. However, the case was adjourned in Part F of the Criminal Court until, on February 2, 2000, the case was further adjourned to May 22, 2000. An indictment was voted by the Grand Jury on March 24, 2000 and filed in Supreme Court on March 31, 2000. On the next scheduled Criminal Court appearance date, May 22, 2000, the People notified the Criminal Court and defendant that defendant had been indicted and requested the date of June 1, 2000 in Supreme Court for defendant’s arraignment. Defendant was arraigned on the indictment in Supreme Court on June 1, 2000.
Defendant moved to dismiss pursuant to CPL 30.30 arguing that the People never announced their readiness for trial until June 1, 2000 when defendant was arraigned on the indictment. In response the People asserted that they had effectively filed and served a statement of readiness on April 5, 2000 (service by mail) and April 6, 2000 (filed). This Court ordered an evidentiary hearing on the issues of fact and law relating to that asserted off-calendar filing and service of a statement of readiness. That hearing was held and the Court makes the following findings of fact.
Ms. Gina Lucian and Assistant District Attorney (A.D.A.) Kronfeld testified for the People and Mr. Ferreira testified for defendant. Based on that evidence which the Court finds credible, the Court finds as follows. On April 5, 2000 A.D.A. Kronfeld prepared a statement of readiness for this case. He knew that an indictment had been filed in Supreme Court, Bronx County, and that the adjourned date for the underlying felony complaint was May 22, 2000, in Part F. He placed a copy of the *548 certificate of readiness in the out-going mail of the District Attorney’s Office addressed to Mr. Ferreira of the Bronx Defender’s Office. Mr. Ferreira was, at that time, defendant’s attorney of record. Mr. Kronfeld left three copies of the certificate of readiness for a case aide to file. In April 2000, Ms. Gina Lucian was a case aide assigned to the Investigation Bureau of the Bronx County District Attorney’s Office. On April 6, 2000, she had the responsibility of filing documents in various courts on behalf of Assistant District Attorneys in the Investigation Bureau. She took three copies of the statement of readiness in issue here and had each date-stamped in the Clerk’s Office for the Criminal Court of the City of New York, Bronx County, located on the first floor of the Criminal Court building at 215 East 161st Street. She then placed one date-stamped copy in a bin marked for filings in “Part F.” She placed a second copy of the document in a mail bin that she believed was used to transmit documents to Supreme Court every day. The third copy of the document was returned to A.D.A. Kronfeld. That third date-stamped copy was introduced in evidence at the hearing and bears the official stamp: “New York City Criminal Court” and the date and time: “2000 Apr-6 PM 3:27.” The additional marking on the document, “also filed in SCT,” was written by Mr. Kronfeld at some later time.
Mr. Ferreira has no recollection of receiving the mailed certificate of readiness and the copy of his file that was prepared for defendant’s new attorney does not contain a copy of the certificate of readiness. On May 22, 2000, in Part F the People stated that defendant had been indicted, requested 10 days for Supreme Court arraignment, and did not announce their readiness for trial.
The Court of Appeals has clearly held as follows:
“ ‘ready for trial’ in CPL 30.30 (1) encompasses two necessary elements. First, there must be a communication of readiness by the People which appears on the trial court’s record. This requires either a statement of readiness by the prosecutor in open court, transcribed by a stenographer, or recorded by the clerk or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to he placed in the original record [citations omitted].” (People v Kendzia, 64 NY2d 331, 337 [1985] [emphasis added].)
This Court took judicial notice of the contents of the official court file in this case. That file does not contain any copy of the *549 filed statement of readiness that was date-stamped on April 6, 2000. Furthermore, the Criminal Court papers that were transmitted to the Supreme Court and made a part of the Supreme Court file do not contain a copy of the certificate of readiness that was date-stamped on April 6, 2000.
This Court also took judicial notice of the organization of the courts of the Unified Court System of the State of New York. The Criminal Court of the City of New York, as a local criminal court, has trial jurisdiction of all offenses other than felonies. (CPL 10.30 [1].) In New York City, trial jurisdiction of felonies, whether indictments or superior court informations, is in the Supreme Court as a superior court. (CPL 10.20 [1] [a].) Accordingly, where a felony prosecution is commenced, as in this case, by the filing of a felony complaint and defendant’s arraignment thereon, the Criminal Court only has preliminary jurisdiction over the case “subject to divestiture thereof * * * by the superior courts and their grand juries.” (CPL 10.30 [2].) Preliminary jurisdiction does not include trial jurisdiction. (CPL 1.20 [25].)
The People make two arguments here. One, they assert that the case aide’s depositing of the certificate of readiness in a mail bin in the Criminal Court building that she thought was for mail to be transmitted to the Supreme Court constitutes filing it with the Supreme Court. There was no evidence presented at the hearing to establish that the Criminal Court transmits documents placed in that mail bin to the Supreme Court Clerk’s Office or that the District Attorney’s Office regularly “files” papers with the Supreme Court Clerk’s Office by depositing them in that mail bin in the Criminal Court building. In fact, the certificate placed in that bin is not in the official Supreme Court file.
In the Bronx, all documents filed in Supreme Court are filed in the Clerk’s Office for Supreme Court, Bronx County, at the Supreme Court building located at 851 Grand Concourse. That is a different building from the Criminal Court building. All attorneys and the District Attorneys Office know that even the individual Supreme Court Parts do not accept filings of motion papers, responses to motions and certificates of readiness. The Supreme Court Clerk’s Office maintains the date stamp for Supreme Court filings and transmits filed papers to the appropriate Part. While the Criminal Court Clerk’s Office may have a mail bin that is used for mail and other papers to be sent to the Supreme Court courthouse, there was no evidence presented at the hearing to establish that this was an accepted *550 method by which documents (not addressed to anyone in particular) were filed with the Clerk of the Supreme Court, Bronx County.
Second, the People argue that Part F is a Supreme Court Part. Therefore, they argue that date-stamping the certificate of readiness in the Criminal Court Clerk’s Office and depositing it in the bin for Part F (with the expectation that the date-stamped document would be filed with the court papers for the case which had an adjourned date in that Part) constitute a filing of the certificate in Supreme Court.
Part F in the Bronx is a hybrid court part. It is a Criminal Court Part with preliminary jurisdiction over felony complaints which are awaiting preliminary hearings or Grand Jury action. It is also a Supreme Court Part for superior court informations that are filed with that court when a defendant in that Part, being charged in a felony complaint, waives prosecution by indictment and agrees to be prosecuted by superior court information. (See, CPL art 195.) Although the superior court information procedure is used in Part F for purposes of felony dispositions in that court, technically a felony could be tried in Part F if charged in a superior court information filed in that Part.
While Supreme Court filings are made in the Clerk’s Office for the Supreme Court, Bronx County, in room 123 at the Supreme Court building, no evidence was offered at the hearing as to whether Part F accepts direct filing of documents in that Part in connection with matters pending in Part F as a Supreme Court Part. Yet, such additional evidence would have been irrelevant here because the felony complaint was pending in Part F in that Part’s capacity as a local criminal court. Once the indictment was filed by the Grand Jury, the indictment was no longer pending in Part F.
The People could not state their readiness to try a felony which was pending as a felony complaint in Part F and no triable felony accusatory instrument was pending in Part F because no superior court information had been filed there in this case. Accordingly, Part F was not the appropriate court in which to file a certificate of readiness in a case where an indictment had been filed.
Therefore, the People’s actions in this case did not constitute the filing of a certificate of readiness on the indictment in a court which had trial jurisdiction over that matter prior to *551 May 22, 2000. Defendant’s motion to dismiss the indictment is therefore granted.